**Santos PARRA–SOTO, Plaintiff–Appellant,**

v.

**Donal CAMPBELL, Commissioner, Tennessee Department of Correction; Fred Raney; Samantha Phillips, Defendants–Appellees.**

No. 02–6498.

United States Court of Appeals, Sixth Circuit.

June 11, 2003.

Before BATCHELDER and CLAY, Circuit Judges; and SCHWARZER, District Judge.[*]

*ORDER*

Pro se Tennessee prisoner Santos Parra–Soto appeals a district court judgment that dismissed his 42 U.S.C. § 1983 suit. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Proceeding *in forma pauperis,* Parra–Soto filed suit against the defendants, claiming that they denied him medical care. The district court dismissed Parra–Soto's suit as frivolous. In his timely appeal, Parra–Soto argues that the district court erred by dismissing his suit.

The dismissal of a prisoner's in forma pauperis complaint as frivolous or for failure to state a claim is reviewed *de novo.* See *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). A complaint is frivolous where it lacks an arguable basis either in law or in fact. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The district court properly dismissed Parra–Soto's suit because it lacked an arguable basis in law. In his complaint, Parra–Soto alleged that he observed blood

---

[*] The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

in his stool, that he experienced stomach pains, and that he had lost weight. Although he claimed a denial of medical care, his complaint and attachments to it reveal that Parra–Soto had been examined by the prison medical center on many occasions and that he had received treatment. His specific legal claim, however, is nothing more than a disagreement with the doctors: Parra–Soto desires a full rectal exam, a sigmoidoscopy, and a prostate exam; the doctors have prescribed him a laxative.

To advance an arguable Eighth Amendment claim alleging a denial of medical care, Parra–Soto was required to allege that prison officials were deliberately indifferent to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Westlake v. Lucas*, 537 F.2d 857, 860–61 & n. 5 (6th Cir.1976). A prison official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Parra–Soto made no colorable claim that he suffered a grave medical condition that was deliberately left untreated. Rather, his own pleadings reveal that he received medical care when he requested it. Parra–Soto's difference of opinion regarding his diagnosis and treatment simply does not amount to an arguable Eighth Amendment claim of deliberate indifference to a serious medical need. *See Westlake*, 537 F.2d at 860 n. 5.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.